**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2536
_____

UNITED FOOD AND COMMERCIAL WORKERS LOCAL 23,
Appellant

v.

GIANT EAGLE MARKETS COMPANY, a Pennsylvania Corporation
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:10-cv-01497)
District Judge:  Honorable William L. Standish
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2012

Before:  McKEE, *Chief Judge*, SCIRICA and AMBRO, *Circuit Judges*

(Opinion filed: August 3, 2012)
_____

OPINION
_____

McKEE, *Chief Judge*.

United Food and Commercial Workers Local 23 ("the Union") appeals the District

Court's order granting Giant Eagle Markets Company's motion to dismiss the Union's

complaint in this action filed pursuant to section 301 of the Labor Management Relations

Act, 29 U.S.C. § 185.  For the reasons that follow, we will affirm.

**I.**

Since we write primarily for the parties, who are familiar with the background of this case, we discuss the events leading to this appeal only briefly. Giant Eagle operates grocery and convenience stores in western Pennsylvania, among other places. Certain Giant Eagle employees are represented by the Union. Giant Eagle and the Union are signatories to a collective bargaining agreement ("CBA") that covers certain Giant Eagle "Grocery" employees (i.e., employees in Giant Eagle's Grocery, Bakery, and Produce departments). The CBA includes grievance and arbitration procedures, which apply when there are "differences or complaints over the interpretation or application of the terms of this Agreement." (App. at 45a.)

In September 2010, the Union filed a grievance, alleging that Giant Eagle had violated two parts of the CBA — a subsection of the "Recognition and Jurisdiction" provision,[1] and the "Separate Contracts" provision[2] — by denying Union representatives

---

[1] This subsection, set forth in Article 2.1A of the CBA, states, in pertinent part, that

> [t]he Company recognizes the Union as the sole and exclusive bargaining agent for Grocery, Bakery and Produce Department employees working in the Company's stores as clerks which are operated [or] which may be operated in the various counties of Pennsylvania, Ohio and West Virginia as defined by the jurisdiction of Local 23 . . . .

(App. at 26a.)

[2] The Separate Contracts provision, set forth in Article 28 of the CBA, provides that

> [t]he Company agrees that any future store that

access to several recently-acquired non-union grocery stores.  Giant Eagle denied the grievance and took the position that the matter was not arbitrable under the CBA.  In response, the Union filed a complaint in the District Court pursuant to § 185, seeking to compel Giant Eagle to submit the grievance to arbitration.  Shortly thereafter, the Union filed another grievance, alleging that Giant Eagle's refusal to allow Union representatives access to its non-union convenience stores violated the CBA's Separate Contracts provision.  As before, Giant Eagle took the position that this type of grievance was not arbitrable under the CBA.  The Union then amended its complaint, seeking to compel Giant Eagle to submit *both* grievances to arbitration.

The District Court granted Giant Eagle's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), based upon its conclusion that the grievances at issue were not arbitrable as a matter of law.  The Union now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a district court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6).  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011).

---

> replaces another Corporate store will be opened as Corporate and the Company will not use store closing language (Article 9.23) on the closing store.  Any other new stores that open will be opened under separate contracts with separate seniority.  This paragraph does not restrict the Company's right to franchise stores, nor does it limit in any way any of the other provisions in Article 9.23.

(App. at 64a.)  None of the stores at issue here "replaced" an existing Corporate store.

3

In support of its motion to dismiss, Giant Eagle relied on our decision in *Rite Aid of Pa., Inc. v. United Food and Commercial Workers Union, Local 1776*, 595 F.3d 128 (3d Cir. 2010), which concerned the same type of grievances at issue here. There we concluded that the union's grievances were not arbitrable under the governing CBA because the terms of that CBA were not implicated by those grievances. *See id.* at 135-36. We explained:

> In our view, a right of Union access to newly acquired stores simply cannot be plausibly derived from the recognition clause. The recognition clause merely establishes the Union's position as Rite Aid's employees' exclusive bargaining agent and defines the range of matters subject to bargaining. It does not describe or purport to include anything resembling the Union's claimed right to access newly-acquired stores.

*Id.* at 134.

The District Court rejected the Union's attempts to distinguish *Rite Aid*, and held that this dispute was controlled by the majority opinion in *Rite Aid*. On appeal, the Union again attempts to distinguish its case from *Rite Aid*. For substantially the reasons provided by the District Court, we conclude that this dispute is governed by the holding in *Rite Aid,* and we reject the Union's attempt to draw a meaningful distinction.[3]

Accordingly, we will affirm the District Court's order granting Giant Eagle's motion to dismiss.

---

[3] To the extent the Union's briefing on appeal could be viewed as implicitly challenging the majority's analysis in *Rite Aid*, we note that we are bound by that decision. *See JELD-WEN, Inc. v. Van Brunt (In re Grossman's Inc.)*, 607 F.3d 114, 116-17 (3d Cir. 2010) (en banc).